# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donald James Hurlbert, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 9:09-241-PMD |
| v. | ) | |
| | ) | |
| Reginald I. Lloyd, Director of SLED, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff Donald James Hurlbert's Objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommended the court grant Defendant's motion to dismiss. Having reviewed the entire record, including Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Plaintiff, appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983. In his verified complaint, he alleges to have been arrested and charged with public drunkenness by the City of Charleston on July 3, 2008, and as a result, the South Carolina Law Enforcement Division ("SLED") included this information in its records, which are available to the public through the Internet and through a mail request. At the time Plaintiff filed his complaint, he had not been convicted of the charge, and he challenges the constitutionality of the state law that allows the dissemination of this information. He seeks an injunction against SLED that would prohibit the dissemination of his arrest history. Defendant Reginald Lloyd has filed a motion to dismiss, and the Magistrate Judge recommended granting Defendant's motion.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## ANALYSIS

As already noted, Plaintiff contends that the state law allowing dissemination of his arrest information violates his "presumption of innocence," his "constitutional right to privacy," and constitutes "cruel and unusual punishment." With respect to Plaintiff's claim that his "constitutional right to privacy" has been violated, the Magistrate judge determined that no constitutional right to privacy exists as to any public documents reflecting Plaintiff's criminal arrest history. (R&R at 3.) The Magistrate Judge also determined that Plaintiff failed to allege a

constitutional claim by arguing that the public availability of his arrest history constitutes cruel and unusual punishment because it violates his right to be innocent until proven guilty. (R&R at 4.) In response to the Magistrate Judge's R&R, Plaintiff filed a "Motion to Dismiss," which the court interprets as his objections. In his motion, it appears Plaintiff considers his claim "moot" in an effort to have his claims voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

Since Plaintiff considers his complaint moot and since the only specific objection Plaintiff makes is to the Magistrate Judge's conclusion to dismiss his complaint with prejudice, the court adopts the Magistrate Judge's R&R and grants Defendant's motion to dismiss. The Magistrate Judge correctly concluded that Plaintiff fails to state a constitutional claim. In *Cline v. Rogers*, the United States Court of Appeals for the Sixth Circuit concluded that "there is no privacy interest in one's criminal record that is protected by the United States Constitution." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996) (citing *Whalen v. Roe*, 429 U.S. 589 (1977) (no general constitutional right to nondisclosure of private data)). Moreover, the fact that the public can access Plaintiff's arrest history does not amount to cruel and unusual punishment. Therefore, the court dismisses Plaintiff's complaint.

## **CONCLUSION**

Based on the foregoing, the court **GRANTS** Defendant's motion to dismiss and **DISMISSES** Plaintiff's complaint with prejudice. With respect to any state law claims being asserted, those claims are **DISMISSED**, without prejudice.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**December 1, 2009**
**Charleston, SC**